UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNPAUL S.,

                Plaintiff,

    v.                                            5:20-CV-1563
                                                        (DJS)
KILOLO KIJAKAZI, *Acting Commissioner of
Social Security*,[1]

                Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

LAW OFFICES OF KENNETH          JUSTIN M. GOLDSTEIN, ESQ.
HILLER, PLLC                               KENNETH R. HILLER, ESQ.
Attorney for Plaintiff
6000 N. Bailey Ave., Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.       TIMOTHY S. BOLEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d). The Clerk is directed to modify the docket accordingly.

## MEMORANDUM-DECISION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are competing, and well written, Motions for Judgment on the Pleadings. Dkt. Nos. 12 & 15. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted, and Defendant's Motion is denied. The Commissioner's determination is remanded for further proceedings.

### I. RELEVANT BACKGROUND

#### A.     Factual Background

Plaintiff was born on November 8, 1975 and was 44 years old at the time of his hearing with the Administrative Law Judge. Dkt. No. 8, Admin. Tr. ("Tr."), p. 36. He has a four-year college degree and is married with two young children. Tr. at pp. 36-37, 41-42. He was previously the proprietor of a pizza shop, involved in all functions of the operation. Tr. at pp. 37-38. Plaintiff alleges disability based upon herniated and bulging discs in his back, high blood pressure, high cholesterol, and hypothyroidism. Tr. at p. 91. He alleged a disability onset date of August 30, 2017, which was later amended to September 2, 2017. Tr. at pp. 34 & 224-25.

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits on March 14, 2019. Tr. at pp. 215-23.[3] Plaintiff's application was initially denied on June 18, 2019, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 89 & 134-35. Plaintiff appeared, on consent, at a telephonic hearing before ALJ Robyn Hoffman on June 26, 2020, at which he testified. Tr. at pp. 29-53. Plaintiff was represented at the hearing by Matthew Nutting, a non-attorney representative. *Id.* On August 18, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 11-22. On November 24, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2021, and that he had not engaged in substantial gainful activity between his amended onset date and the date of the decision. Tr. at p. 14. Second, the ALJ found that Plaintiff had the following severe impairments: lumbar spine degenerative disc disease, obesity, and type II diabetes mellitus. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that

---

[3] A prior application was filed by the Plaintiff on September 29, 2014, and a decision from ALJ John Ramos was issued on September 1, 2017, which denied Plaintiff disability benefits after finding that he could perform a full range of light work, even with his obesity and back disorder. Tr. at pp. 54-64.

meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at p. 14.  Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a range of sedentary work except that:

> the claimant can occasionally lift and carry ten pounds; sit for up to six hours; and stand or walk for two hours, all in an eight-hour workday with normal breaks. He requires use of a cane for prolonged ambulation, walking on uneven terrain, or ascending and descending slopes, but he retains the ability to carry small objects, such as a files or ledgers, in his free hand. The claimant should avoid working at unprotected heights, climbing ladders, ropes, or scaffolds, and working in close proximity to dangerous machinery or moving mechanical parts of equipment. He can occasionally climb ramps or stairs, and can occasionally stoop, kneel, crouch, and crawl.

Tr. at p. 15.  Fifth, the ALJ found that Plaintiff is unable to perform past relevant work.  Tr. at p. 20.  Finally, the ALJ went on to find that there was work existing in significant numbers in the national economy that Plaintiff could perform.  Tr. at pp. 21-22.  The ALJ, therefore, concluded that Plaintiff is not disabled.  Tr. at p. 22.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied

3

correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably

have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

In support of his Motion, Plaintiff makes several arguments about how the ALJ weighed the medical evidence contained in the record and, consequently, fashioned the RFC. Initially, Plaintiff notes that he testified at his hearing regarding his condition involving chronic venous insufficiency and the need to keep his legs elevated during much of the day, and his treating physician, Dr. LaClair, referred to this condition as part of his medical assessment. Pl.'s Brief at p. 9-11; Tr. at pp. 40-48, 268, 534, 541, 781-783. Plaintiff asserts that the ALJ erred by failing to find that the condition was "severe" at step two of the analysis. Pl.'s Brief at p. 10. Alternatively, Plaintiff argues the ALJ should have accounted for Plaintiff's non-severe impairments when determining the RFC and her failure to do so requires a remand. *Id*. Plaintiff asserts, such error was not harmless because the condition, with its resulting limitations, would erode his ability to perform sedentary work. *Id.* at pp. 10-11. The Commissioner responds that the ALJ committed no error because, while not finding the venous insufficiency as a separate severe impairment, she considered the issues with Plaintiff's legs when she assessed the Plaintiff's underlying diabetes, a condition that was considered severe. Def.'s Brief at p. 6.

Having considered the arguments of the parties and the record, the Court concludes that remand for further consideration is warranted.

"At step two of the sequential analysis, the ALJ must determine whether the claimant has a 'severe medically determinable physical or mental impairment.'" *Pepper v. Comm'r of Soc. Sec.*, 2015 WL 3795879, at *2 (N.D.N.Y. June 17, 2015) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). "The purpose of the Step Two severity analysis is to screen out only the weakest claims." *Dawn Lyn C. v. Kijakazi*, 2021 WL 4398372, at *4 (D. Conn. Sept. 27, 2021). "The claimant bears the burden of presenting evidence establishing severity." *Henry v. Astrue*, 32 F. Supp. 3d 170, 180 (N.D.N.Y. 2012). That burden, however, "is not heavy." *Marcus L. v. Comm'r of Soc. Sec.*, 2021 WL 4204981, at *3 (W.D.N.Y. Sept. 16, 2021) (internal quotation and alteration omitted).

The record establishes that Plaintiff has a diagnosis of venous insufficiency. Tr. at pp. 541, 545, & 781. However, "[t]he 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)). "The severity of an impairment is not determined merely by diagnosis, but by the limitations imposed by the impairment." *Tillis v. Colvin*, 2016 WL 8674672, at *2 (N.D.N.Y. Mar. 11, 2016). In this case, there was also evidence that Plaintiff's venous insufficiency imposed functional limitations. *See, e.g.*, Tr. at pp. 39-41 (Plaintiff's testimony about the need to elevate his legs); 268 (Plaintiff's function report indicating need to elevate legs throughout the day); 534, 541, & 545 (medical records noting need for elevation). Whether or not that evidence would

7

be sufficient to establish venous insufficiency as a severe impairment, it is unclear if it was considered because the ALJ's opinion does not specifically mention that condition.[4]

An error at step two is frequently harmless when, as here, the ALJ continues the sequential analysis and considers non-severe impairments in evaluating a plaintiff's functional capacity. *See Pascal T. v. Berryhill*, 2019 WL 316009, at *7 (N.D.N.Y. Jan. 24, 2019) (citing cases). On the particular facts of this case, however, the Court cannot conclude that an error, if any, was harmless. Plaintiff advances as an additional argument for remand that the ALJ erred in not obtaining the testimony of a vocational expert to determine whether there was work Plaintiff could perform. Pl.'s Brief at p. 14. A vocational expert is typically required when the presence of nonexertional limitations renders reliance on the Medical-Vocational Rules inappropriate. *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986) (discussing when reliance on these rules is sufficient). The ALJ's RFC in this case already included a number of such limitations. Tr. at p. 15. A finding that Plaintiff's venous insufficiency was either a severe or a non-severe impairment would have required the ALJ to consider whether Plaintiff needed to elevate his legs at points throughout the day and how that would affect his functional capabilities. Such consideration may well require vocational testimony. *See, e.g., Fairuz B. v. Saul*, 2021 WL 267657, at *7 (W.D.N.Y. Jan. 27, 2021) (VE testimony discussing impact of leg elevation, among other conditions, on functional capacity);

---

[4] Defendant contends that Plaintiff's circulatory issues were properly addressed by the ALJ as part of her analysis regarding Plaintiff's underlying diabetes condition. Def.'s Brief at p. 6. Even assuming that would be sufficient for purposes of the step two analysis, the record does not specifically demonstrate that this is correct.

*Yates v. Comm'r of Soc. Sec.*, 2011 WL 705160, at *8 (N.D.N.Y. Feb. 22, 2011) (same). Given the impact the findings at step two would have had on the ultimate necessity for vocational testimony, the Court cannot conclude that any step two error was harmless.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that this matter is remanded to the Commissioner pursuant to sentence four for further consideration; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 31, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge